IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GAIL STEPHENS                                                                                    PLAINTIFF

V.                                                                            CIVIL ACTION NO. 1:04CV226

MISSISSIPPI UNIVERSITY
FOR WOMEN                                                                                       DEFENDANT

**MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for summary judgment. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Gail Stephens, brings this action alleging that the defendant, Mississippi University for Women, has violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., by discriminating against her on the basis of her gender. In 1997, the plaintiff applied for the position of Vice President of Student Services and Enrollment at MUW and was hired. Before her employment began, however, the position was changed to Vice President of Student Affairs. Enrollment management responsibilities, including admissions and financial aid, were taken from this position, and a Dean of Enrollment position was created and subsequently filled by Dr. Phillip Cauley and later by another male, Mr. Chris Robbins. According to the plaintiff, she made repeated requests to MUW president Clyda Rent and her successors (interim MUW president, Judge Lenore Prather, and current president, Claudia Limbert) that enrollment supervision, admissions, and financial aid be placed under the plaintiff's job position. Each president declined to do so.

MUW enrollment declined by thirty percent under Chris Robbins' tenure as Dean of Enrollment. Robbins was removed from that position in 2001, and MUW began a search to fill the position. Dr. Limbert ultimately decided to combine student services with enrollment management and to replace the position of Vice President of Student Affairs ("VPSA"), the plaintiff's position, with a newly-created position, Vice President of Student Services ("VPSS"). The plaintiff alleges that this was not a "newly-created" position but was, in fact, the position for which she had applied and for which she had been hired in 1997.

The plaintiff has testified that the original search committee for the VPSS position recommended the plaintiff for the position, but Dr. Limbert disbanded the committee. A new search committee was formed, and the plaintiff applied for the position on June 11, 2003. The search committee ultimately recommended Dr. Bucky Wesley, a male, and he was hired.

Dr. Limbert informed the plaintiff on August 5, 2003, that she had not been selected to fill the VPSS position. On August 10, 2003, the plaintiff met with Dr. Limbert and asked her to give the plaintiff a faculty position in sociology. Dr. Limbert refused. The plaintiff filed her EEOC charge on August 29, 2003. Her employment was officially terminated on September 10, 2003. The EEOC subsequently issued the plaintiff's right-to-sue letter.

The plaintiff filed the present case on July 27, 2004, asserting that she suffered gender discrimination in violation of Title VII when her position was eliminated and her employment with MUW was terminated. She also brings claims for retaliation and for discrimination in regard to MUW's failure to give her a faculty appointment, its failure to give her a teaching position, and its failure to allow her to supervise admissions and financial aid. The defendant has moved for summary judgment on all claims.

<u>Standard of Review</u>

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant is successful in doing so, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

<u>Analysis</u>

The plaintiff claims that MUW discriminated against her because of her sex when it eliminated her position and when it failed to select her for the new position, choosing instead to hire a male. Regarding these claims, the court finds that the plaintiff has presented genuine issues of material fact including, but not limited to, whether Dr. Bucky Wesley was in fact more qualified than the plaintiff. The court also finds genuine issues of material fact in regard to the plaintiff's claim of retaliation. These issues include whether MUW offered the plaintiff

3

employment for an additional year beyond the elimination of her VPSA position, and whether the university withdrew that offer in retaliation for the plaintiff's Title VII protected activity.

The court finds that the defendant is entitled to summary judgment on the remaining claims. The plaintiff made requests for a faculty appointment in 1997, 1999, 2001, and 2002 – under three separate university administrations. The plaintiff's requests were denied each time, but the plaintiff filed neither an internal grievance or an EEOC charge in regard to any of these events. An EEOC charge must be filed within 180 days after the alleged unlawful employment practice occurs. *See* 42 U.S.C. § 2000e-5(e)(1). Though the plaintiff did eventually file an EEOC charge on August 29, 2003, the denials of the plaintiff's faculty appointment requests, as well as the denials of the plaintiff's requests to supervise admissions and financial aid, occurred well outside the 180-day statute of limitations.

The plaintiff argues that the continuing violation theory is applicable in this case and that she should be allowed to recover for acts of discrimination that occurred more than 180 days prior to the filing of her EEOC charge. The court disagrees. The Supreme Court has held that Title VII precludes recovery for "discrete acts" of discrimination that occur outside the statutory time period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072, 153 L. Ed. 2d 106 (2002). "Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113, 122 S. Ct. at 2072. The Court defined "discrete acts" as "acts such as termination, failure to promote, denial of transfer, or refusal to hire . . . ." *Id.* at 114. "Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Id.* This court finds that each of the plaintiff's denied requests as outlined above falls

4

within this definition. As these alleged discriminatory acts were "discrete" and occurred outside the 180-day statutory time period, the defendant is entitled to judgment as a matter of law on these claims. The court also notes that the plaintiff failed to include her claim regarding admissions and financial aid supervision in her EEOC charge. Thus, even if this claim fell within the statutory time period, the court would nevertheless lack jurisdiction over the claim.

The court also finds no genuine issue of material fact related to the plaintiff's claim that MUW did not offer her a faculty teaching position in sociology upon the elimination of her administrative position. The plaintiff's request was that the administration *create* a teaching position for her. It is uncontested that she did not actually *apply* for a *vacant* position.

In order to establish a prima facie case of gender discrimination, the plaintiff must show that (a) she is a member of a protected class; (b) she applied for a position; (c) she was qualified for that position; (d) she was not selected for the position; and (e) a male was selected to fill the position, or the position remained open. *Davis v. Chevron*, 14 F.3d 1082, 1087 (5th Cir. 1994). The plaintiff did not apply for a vacant position, as it is uncontested that no faculty position was open for which applicants were being sought. The plaintiff, therefore, cannot satisfy the second prong of the prima facie case; nor can she satisfy the fifth prong, as no male was selected to fill a position which did not exist.

<u>Conclusion</u>

For the foregoing reasons, the court finds that the defendant's motion for summary judgment should be granted in part and denied in part. The plaintiff has presented genuine issues of material fact on her claims regarding the elimination of her position and the university's failure to hire her for the newly-created position. The plaintiff's retaliation claim also survives summary

5

judgment. The court finds that the defendant is entitled to judgment as a matter of law on the remaining claims. A separate order in accord with this opinion shall issue this day.

This, the 30th day of December, 2005.

                                                  /s/ *Neal Biggers*
                                                  **NEAL B. BIGGERS, JR.**
                                                  **SENIOR U.S. DISTRICT JUDGE**